**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**Andrew Gallegos**, : Case No. **3:11 CV 00409**

Plaintiff, :

v. :

**Transport Insurance Agency et al.,**

: **MAGISTRATE'S REPORT AND RECOMMENDATION**

Defendants. **:**

This contract dispute, filed pursuant to 28 U. S. C. § 1441, was referred to the undersigned Magistrate Judge for general pretrial supervision. Pending are the following: (1) Defendants' Motion to Dismiss, Plaintiff's Opposition and Defendants' Reply (Docket Nos. 8, 13 & 17); (2) Plaintiff's Motion to Strike and Defendants' Opposition (Docket Nos. 9 & 14); (3) Defendants' Motion for Sanctions, Plaintiff's Opposition and Defendants' Reply (Docket Nos. 18, 22 & 24); and (4) Plaintiff's Motion for Sanctions and Defendants' Opposition (Docket Nos. 23 & 25). For the reasons that follow, the Magistrate Judge recommends that the Court grant the Motion to Dismiss [Doc #8]; deny as moot Plaintiff's Motion to Strike [Doc #9], Defendants' Motion for Sanctions [Doc #18] and Plaintiff's Motion for Sanctions [Doc #23].

## I. JURISDICTION

This case was removed from the Lucas County Court of Common Pleas pursuant to 28 U. S. C. § 1441 (Docket No. 1). Plaintiff has alleged separate and independent causes of action within the original jurisdiction conferred on this Court by 28 U. S. C. § 1331.

## II. THE PARTIES

Plaintiff is a resident of Sylvania, Lucas County, Ohio (Docket No. 1, Exhibit 1, ¶s 1 & 4).

Defendant Transport Insurance Agency, Inc (TIA), is a Michigan corporation with an office in Toledo, Ohio. It is a wholly owned subsidiary of Defendant Baldwin & Lyons (B&L) (Docket No. 3). Defendant B&L, an Indiana corporation, specializes in providing property and casualty insurance products for companies in the motor carrier industry. (Docket No. 2; www.baldwinandlyons.com)

## III. FACTUAL BACKGROUND.

On November 1, 2002, Plaintiff was hired by Defendant TIA as a sales representative (Docket No. 13, Exhibit 5, ¶ 1). Plaintiff claims that under an oral (employment) agreement with Defendant TIA, he was insulated from discharge prior to his reaching retirement age, except for good cause. (Docket No. 1, Exhibit 1, ¶ 4; Docket No. 13, Exhibit 5, ¶ 3).

On or about October 30, 2008, Defendant B&L purchased 100% of Defendant TIA's stock (Docket No. 13, Exhibit 5, ¶ 4). Plaintiff and Defendant TIA signed a written employment agreement that extended his employment through the third anniversary of the effective date on October 30, 3008 unless earlier terminated for cause, without cause, resignation, death or permanent disability[1] (Docket No. 1, Exhibit 1, ¶s 6 & 7). By letter dated December 6, 2010, Plaintiff was notified that his employment was terminated effective December 6, 2010 (Docket No. 1, Exhibit 1, ¶ 6).

## IV. PLAINTIFF'S POSITION.

Plaintiff seeks an order declaring that the employment contract lacked consideration; therefore,

1 The Employment Agreement included, *inter alia*, special rights of transport, restrictive covenants limiting Plaintiff's employment activities before and after termination and mandatory arbitration under Indiana law, reduced compensation and car allowances and no reimbursement for club dues (Docket No. 13, Exhibit 5, ¶s 6 & 7).

the employment contract is unenforceable. Alternately, Plaintiff contends that Defendants:

(1) breached the terms of the employment agreement.
(2) breached their fiduciary duty to treat Plaintiff honestly and fairly.
(3) failed and refused to pay Plaintiff compensation commensurate with the Ohio wage statute.
(4) intentionally under reported and underpaid the compensation which is due and payable to Plaintiff.

## V. DEFENDANTS' POSITION.

Defendants contend that Plaintiff's claims lack merit as he agreed to submit all disputes arising out of employment with Defendants to mandatory, binding arbitration[2]. Plaintiff ignored this mandate and filed directly with the Court. Defendants suggest that the Court dismiss or stay the case and compel arbitration consistent with the terms of the Employment Agreement.

## VI. FAILURE TO ARBITRaTE UNDER AGREEMENT STANDARD.

Defendants seek dismissal as permitted by 9 U. S. C. § 4:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof . . .

---

[2]

17. Governing Law
The laws of the State of Indiana shall govern the validity, enforcement, interpretation and any other aspect of this Agreement and the performance of the parties hereunder, notwithstanding any state's choice of law provisions to the contrary (Docket No. 13, Exhibit 1, pp. 9-10 of 11).

9 U.S.C. § 4 (Thomson Reuters 2011).

## VII. ANALYSIS OF THE MOTION TO DISMISS

Plaintiff's claims are predicated upon the proposition that the terms of the oral (employment) agreement are binding and govern this dispute. Plaintiff further claims that Defendant TIA failed to provide consideration for the written Employment Agreement. Plaintiff contends that this Court cannot order arbitration unless a valid contract to arbitrate is found.

Defendants claim that the Employment Agreement is valid and enforceable under Indiana law[3]. Accordingly, Defendants seek an order dismissing the complaint.

### A. THE ORAL (EMPLOYMENT) CONTRACT.

Indiana adheres to the doctrine of employment at-will under which the employer may discharge an at-will employee for any cause or for no cause at all without incurring liability. *Cripe Incorporated v. Clark*, 834 N. E. 2d 731, 734 (Ind. App. 2005) (*see Wilmington v. Harvest Insurance Companies*, 521 N. E. 2d 953, 955 (1988)). Where the tenure of services is indefinite or cannot be determined by the terms of the employment contract, the employment is at-will and may be terminated at any time by either party. *Campbell v Eli Lilly and Company*, 413 N. E. 2d 1054, 1060 (Ind. App. 1980).

Under the statute of frauds employment contracts which cannot be performed within one year must be in writing and signed by the party to be charged. . . *Tobin v. Ruman*, 819 N.E.2d 78, 84 (Ind. App. 2004) (*citing Mehling v. Dubois County Farm Bureau Cooperative Association, Incorporated*, 601

---

3 The employment contract states, in relevant part, that:

The laws of the State of Indiana shall govern the validity, enforcement, interpretation and any other aspect of this Agreement and the performance of the parties hereunder, notwithstanding any state's choice of law provisions to the contrary. The parties intend the provisions of this Agreement to supplement, but not displace, their respective rights and responsibilities under the INDIANA UNIFORM TRADE SECRETS ACT, I.C. § 24-2-3-1 *et seq.*, as amended (Docket No. 13, Exhibit 1, pp. 9-10 of 11).

N.E.2d 5, 7 (Ind. Ct. App. 1992); *see also* IND. CODE § 32-21-1-1). It must affirmatively appear by the terms of the contract, that its stipulations are not to be performed within a year after it is made, in order to bring it within the provisions of the statute of frauds. [sic] *Id.*

The statute of frauds would bar enforcement of the oral (employment) agreement that Plaintiff had with Defendant TIA as it was silent as to its duration. However, it was clearly not Plaintiff's intent when he entered the oral (employment) agreement to work less than one year. Notwithstanding any reliance injuries that could remove this case from the operation of the statute of frauds, no enforceable employment contract existed. Before entering into the Employment Agreement, Plaintiff was an at-will employee subject to removal for cause.

**B. THE WRITTEN EMPLOYMENT CONTRACT.**

Plaintiff contends that the Employment Contract is voidable and therefore unenforceable

**1. OFFER AND ACCEPTANCE.**

To create a valid contract, an offer must be made and accepted, with a meeting of the minds by the contracting parties. *Flynn v. AerChem, Incorporated*, 102 F. Supp.2d 1055, 1059 (S. D. Ind., 2000) (*See Bain v. Board of Trustees of Starke Memorial Hospital*, 550 N.E.2d 106, 110 (Ind. Ct. App.1990)). For a meeting of the minds to exist, both parties must have the same intent. *Id*. The "cardinal rule" of contract interpretation calls for the parties' intent to be interpreted in light of the surrounding circumstances, including present and past business dealings; however, in cases where the agreement is evidenced by a written instrument, the parties' intent may be gleaned from the document itself. *Id*. Courts do not search for the parties' hidden, "secreted" intentions but instead examine the "final expression" of the parties' intent from the written agreement. *Id*.

It is a basic tenet of contract law that a person is assumed to have read and understood

documents that he or she signs; a lack of understanding or failure to read the contract's provisions does not relieve a party from the terms of that agreement. *Id.* (*see Clanton v. United States of America*, 686 N.E.2d 896, 900–01 (Ind. Ct. App.1997)). "The freedom to contract includes the freedom to contract improvidently, and in the absence of countervailing policy considerations, private reservations or mistake[s] will not avoid the results of apparent consent." *Id.* (*citing Rutter v. Excel Industries*, Incorporated, 438 N.E.2d 1030, 1031 (Ind. Ct. App.1982)).

Plaintiff's complaint alleges primarily that he was not compensated for his faithful performance of duties under the Employment Agreement. He does not attack the creation of the contract, allege that he did not read the Employment Agreement or that he did not understand the Employment Agreement. The Magistrate concludes that when Plaintiff affixed his signature to the Agreement, he averred that he read, understood and accepted the Employment Agreement.

**2. CONSIDERATION.**

In addition to an offer and acceptance, both parties must be bound by the terms of an agreement, and the promisee must give **some** consideration for the promise. *Id.* (*See Gibson v. Neighborhood Health Clinics*, 121 F.3d 1126, 1130–1131 (7th Cir. 1997); *Shaw v. S.S. Kresge Company*, 167 Ind. App. 1, 328 N.E.2d 775, 779 (1975)). The principal purpose behind requiring consideration is to provide a cautionary and an evidentiary function—to make it apparent to the promisor that the promise is legally binding, thus providing evidence of the promisor's intent that the agreement be legally binding. *Id.* (*see Gibson*, 121 F.3d at 1131).

Plaintiff's suggestion that he was entitled to additional consideration that he did not have under the oral Employment Agreement is not consistent with the requirements of adequate consideration. As an at-will employee, Plaintiff received a promise that his employment would continue and he would not

be terminated immediately. This promise is an adequate and enforceable consideration. Therefore, the Employment Agreement is not unenforceable for lack of consideration.

## VIII. CONCLUSION

Plaintiff was employed at will pursuant to an oral contract. He was not forced to sign the Employment Agreement. No evidence was proffered that defendant TIA gave consideration in the form of a promise for continued employment and a delayed discharge from his employment. The Magistrate finds that the Employment Agreement is a valid and enforceable contract.

Under the terms of the Employment Agreement, Plaintiff's wage and unfair treatment disputes must be submitted to arbitration[4]. Therefore, the Magistrate recommends that the Court grant the Motion to Dismiss, enter an order compelling arbitration of Plaintiff's claims consistent with the terms of the Employment Agreement and deny as moot Plaintiff's Motion to Strike, Defendants' Motion for Sanctions and Plaintiff's Motion for Sanctions.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: November 15, 2011

4 The employment contract provides: Any dispute between the parties hereunder shall be settled by arbitration in Indianapolis, Indiana in accordance with the Commercial Arbitration Rules (the "Rules") of the American Arbitration Association (the "AAA") which shall be the parties exclusive mechanism for dispute resolution."

## IX. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.